[No. 14464. Department Two. April 29, 1918.]

ELIZABETH HASTINGS, as Executrix etc., Respondent, v. ALTA AGNES HASTINGS, Appellant.[1]

JUDGMENT—DEFAULT—FAILURE TO ANSWER—JURISDICTION. A default against a defendant is not without jurisdiction because of a subsequent amendment of the complaint, where he was served with the amended complaint and failed to answer, and appeared as a witness, with ample opportunity to defend.

CANCELLATION OF INSTRUMENTS—DEEDS—ACTIONS—JUDGMENT—EFFECT. In an action by a widow individually and as executrix of her deceased husband's estate to set aside a deed of community property to their son, given in consideration of life support, a judgment vesting the title in her on account of breach by the son and failure of consideration, simply sets aside the conveyance to the son and does not affect the son's rights as an heir to his father's estate.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered December 28, 1916, upon findings in favor of the plaintiff, in an action to cancel a deed, tried to the court. Affirmed.

*Harris Baldwin,* for appellant.

*S. L. Americus,* for respondent.

[1]Reported in 172 Pac. 833.

MOUNT, J.—The plaintiff brought this action to set aside a deed for failure of consideration. The defendant James Franklin Hastings failed to make an appearance in answer to the complaint and a default judgment was taken against him. Thereafter the plaintiff amended her complaint and the defendant Alta Agnes Hastings made answer thereto, and after trial upon issues joined, the court entered a judgment setting aside the deed and appointing a commissioner to reconvey the real estate to the plaintiff. Alta Agnes Hastings alone appeals from that judgment.

But two errors are assigned, to the effect that the court erred in rendering judgment against James Franklin Hastings on the amended complaint, and in rendering judgment vesting title to the real estate in the plaintiff. We think there is no merit in either of these assignments. Counsel for the appellant argues that, because no amended complaint was served on James Franklin Hastings after the default had been taken against him, the court was without jurisdiction of that defendant. It is not necessary for us to decide in this case whether that defendant should have been served with the amended complaint, because the record before us shows that he was served with both the original and the amended complaints and failed to answer thereto. He appeared as a witness upon the trial. He therefore had ample opportunity to defend if he desired to do so. The court clearly had jurisdiction to render a judgment against him.

It is next argued that the court erred in rendering the judgment vesting the title in Elizabeth Hastings. The record shows without dispute that Elizabeth and Frank Hastings, during the lifetime of the latter, were the owners of the real estate in question as community property. They deeded this property to their son, James Franklin Hastings. The consideration ex-

pressed in the deed was $2,000, but the complaint alleged, and the court found, that the real consideration was an agreement by the son to support his mother and father during their lifetime. After the deed was made, the son neglected and refused to support his mother and father, and after the father died the mother brought this action to set aside the deed. She brought the action in her individual capacity and in her capacity as executrix of her husband's estate. The trial court, at the conclusion of the evidence, which is not questioned here, concluded that the consideration for the deed had failed and that the respondent was entitled to have the deed set aside and a reconveyance of the property. The effect of this judgment was to reinstate the property as that of the estate, to be distributed upon final distribution as though the deed had never been made. The judgment of the lower court does not affect the interest of James Franklin Hastings as an heir to his father's estate. It simply sets aside the deed, which was made by the father and mother in the lifetime of the father, and directs that the property be reconveyed.

It seems clear that there is no merit in either of the contentions of the appellant.

The judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, WEBSTER, and CHADWICK, JJ., concur.